**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| **THOMAS NEWTON HOUCK,** | |
|    **Plaintiff,** | |
| | |
|    **v.** | |
| | Civil Action No.  5:25-cv-137 |
| **AUDRA MICHELLE SHARPE;** | |
| **BRITTANY WEAVER, in her individual** | |
| **and official capacity; CATAWBA** | |
| **COUNTY SHERIFF'S DEPARTMENT;** | |
| **and** | |
| **JOHN DOE OFFICERS 1–5,** | |
| | |
|    **Defendants.** | |

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, Thomas Newton Houck (hereinafter "Mr. Houck"), by and through his attorney, who alleges and says:

## NATURE OF THE ACTION

1.  This Violation of Civil Rights Under 42 U.S.C. § 1983 Malicious Prosecution, Abuse of Process, Defamation, Negligent Supervision and Retention, and Civil Conspiracy action arises from the false charges filed against Mr. Houck by Defendant Audra Michelle Sharpe (hereinafter "Ms. Sharpe") who collaborated with Defendant Brittany Weaver (hereinafter "Ms. Weaver") who acted individually and within her official capacity as a Deputy for the Catawba County Sheriff's office, and Defendant Catawba County Sheriff's Department (hereinafter "Sheriff's Department") who is responsible for Ms. Weaver's actions when acting within her role as a Deputy, collectively ("Defendant's).

## PARTIES

2. Mr. Houck is an individual and resident of Catawba County, North Carolina.

3. Mr. Houck manages and co-owns multiple North Carolina LLC companies including Thomas Consulting & Investments, LLC, TNH Investments, LLC, SBH Investments, LLC, and Thomas Construction Consulting, LLC (collectively hereinafter "the LLC's").

4. Ms. Sharpe is Mr. Houck's ex-wife and is a resident of Catawba County, North Carolina.

5. During their marriage, Ms. Sharpe was a silent member of companies the LLC's.

6. Ms. Sharpe's membership in the LLC's was terminated in 2022 due to breach of fiduciary duty and criminal activity.

7. Ms. Weaver is a Deputy with the Catawba County Sheriff's Department, who acted both in her individual and official capacity.

8. Upon information and belief, the Sheriff's Department has the capacity to be sued, along with Ms. Weaver in her official capacity for the Catawba County Sheriff's Department, and has adopted a plan of insurance coverage for the acts, events, and/or allegations described herein, pursuant to N.C. General Statue § 153A-435 and has waived its immunity from civil liability.

9. Upon information and belief, the Sheriff's Department is responsible for Ms. Weaver, her oversight, training, and actions.

10. Pursuant to vicarious liability and the principles of respondeat superior, the Sheriff's Department are responsible for their actions.

11. The Sheriff's Department and Ms. Weaver are "persons" within the meaning of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and may be sued for the claims presented in this action.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the claims arise under the Constitution, laws, or treaties of the United States, particularly 42 U.S.C 1983.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because all parties reside in this district and all events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

**Ms. Sharpe and Ms. Weaver Proceeded to File False Criminal Charges and Seek Malicious Prosecution Against Mr. Houck**

14. On or about September 5, 2024, and January 28, 2025, Ms. Weaver filed multiple felony criminal charges against Mr. Houck, including intimidating a witness, obstruction of justice, extortion, identity theft, and forgery as a result of the criminal charges Mr. Houck attempted to pursue against Ms. Sharpe.

15. In late 2023 Mr. Houck filed three separate criminal complaints with Ms. Weaver against Ms. Sharpe for multiple felonies Ms. Sharpe had committed against the LLC's.

16. Mr. Houck pursued embezzlement against Ms. Sharpe due to Ms. Sharpe having removed approximately $20,000.00 in LLC funds without authorization.

17. Mr. Houck pursued breaking and entering a company safe and unauthorized use of a vehicle against Ms. Sharpe as Ms. Sharpe had entered the LLC's owned safe and removed the title of a company-owned vehicle, a 2017 Honda CRV, which is also Ms. Sharpe's daily vehicle.

18. Ms. Sharpe has proceeded to use the vehicle without authorization and has refused to return the vehicle after numerous requests.

19. Mr. Houck also pursued the illegal possession of real property and assets against Ms. Sharpe as Ms. Sharpe has and continues to use property located at 3646 Golf Drive NE, Conover, NC 28613. The property is owned by one of the LLC's and Ms. Sharpe has refused to leave the property even after numerous requests have been made for her to vacate the premises.

20. At the time of filing the criminal complaints, Ms. Weaver advised Mr. Houck that the evidence he presented, which included witness statements, was sufficient to seek prosecution against Ms. Sharpe.

21. Following a subsequent interview with Ms. Sharpe, Ms. Weaver abruptly ceased investigation into Ms. Sharpe.

22. Instead, Ms. Weaver began pursuing charges against Mr. Houck, despite the clear evidence of Ms. Sharpe's criminal conduct.

23. It is upon information and belief that during the interview with Ms. Weaver, Ms. Sharpe provided false and misleading statements to Ms. Weaver in order to create a biased view of Mr. Houck. These statements include but are not limited to that Mr. Houck would shoot law enforcement officers and that Mr. Houck is trying to evict Ms. Sharpe and their child without cause.

24. The criminal charges that Ms. Weaver filed against Mr. Houck on two different occasions were based on fabricated evidence, including but not limited to a misidentified phone call with a man named "Donnie Houck."

25. On February 21, 2024, Mr. Houck filed a separate criminal complaint with Magistrate Nicole Sain (hereinafter "Magistrate Sain") against Ms. Sharpe on behalf of TNH

Investments, LLC in regard to Ms. Sharpe trespassing, refusal to return property, and the ongoing illegal occupancy.

26. Magistrate Sain signed and dated the complaint authorizing Ms. Sharpe's arrest.

27. Unfortunately, a few days later, Magistrate Sain claimed she "forgot to file" the complaint and then decided not to enforce it and provided Mr. Houck no explanation.

28. It is upon information and belief that Ms. Weaver influenced Magistrate Sain's decision not to enforce the warrant against Ms. Sharpe.

29. On September 5, 2024, Ms. Weaver charged Mr. Houck with felony obstructing justice, felony intimidating a witness, felony extortion, and misdemeanor false report to police.

30. Upon the indictment being presented to the grand jury, only the obstruction charge received an indictment.

31. Unfortunately, the felony obstruction charge remains pending despite the Assistant District Attorney Howard Wellon's (hereinafter "ADA Wellons") acknowledgment of weak evidence and non-credible witnesses.

32. On January 28, 2025, Ms. Weaver charged Mr. Houck with felony intimidating a witness, felony extortion, felony identity theft, and felony common law forgery all based upon a civil complaint filed by Mr. Houck's father.

33. It is important to note that these charges were filed days after Mr. Houck's father, Mr. Donald Rand Houck, filed a civil lawsuit against Ms. Sharpe to have her removed from TNH Investments, LLC property and dissolve the company.

34. Approximately a week later on or about February 5, 2025, ADA Wellons dismissed all four charges due to *"essential witness misidentified"* as Ms. Weaver failed to verify the man's identity by asking his full name, DOB, address, or relationship to Mr. Houck.

**Ms. Sharpe and Ms. Weaver Abused of Judicial Process and Fabricated Evidence in Order to Secure Charges Against Mr. Houck**

35. Ms. Weaver failed to verify the witness's identity and willfully relied on false evidence to obtain arrest warrants.

36. Ms. Weaver ignored exculpatory information and failed to contact Mr. Donald Rand Houck's attorneys regarding the complaint that Ms. Weaver alleged he took out.

37. Instead, Ms. Weaver relied on a recorded a phone call with an unrelated "Mr. Donnie Houck" in Ashe County who denied TNH Investments, LLC ownership despite having the real Mr. Houck's phone number.

38. Video evidence shows Ms. Sharpe providing Ms. Weaver with Mr. Donald Rand Houck's phone numbers, yet Ms. Weaver never contacted him.

39. Mr. Donald Rand Houck later signed an affidavit and appeared before his attorneys and a notary confirming that he was the 75% owner of TNH Investments, LLC and its property, He had signed all TNH Investments, LLC documents and the civil complaint, and that he wanted Sharpe removed from the property.

40. It is upon information and belief that Ms. Weaver used the false witness identification to fabricate probable cause, interfere with civil litigation, and protect Ms. Sharpe's occupancy.

**Harassment, Defamation, and Personal Injury by Ms. Sharpe, and Ms. Weaver**

41. Mr. Houck has been forcefully arrested multiple times, humiliated in front of neighbors, business contacts, and friends as a result of the false and unfounded charges brought against him by Ms. Sharpe and Ms. Weaver.

42. Mr. Houck's arrest record and mugshots were repeatedly published online, causing reputational harm, business losses in the millions, and personal humiliation.

43. As a result of the false charges and information spread about Mr. Houck, he has been barred from attending school events with his son, damaging their relationship.

44. Mr. Houck has incurred substantial legal fees and bond payments along with his businesses, which has suffered millions in lost revenue.

**Underlying Motive and Conspiracy**

45. The false charges appear timed to interfere with Mr. Donald Rand Houck's civil suit to evict Ms. Sharpe from the TNH Investments, LLC owned home and dissolve the company to recover assets.

46. It is upon information and belief that Ms. Weaver and Ms. Sharpe maintained a personal friendship, which influenced Ms. Weaver's investigation and caused her to act in bad faith.

47. Further, Ms. Kelly personally works and knows numerous Catawba County Deputies who work directly with Ms. Weaver and influenced Ms. Weaver's investigation.

**CLAIMS FOR RELIEF**

**COUNT ONE – VIOLATION OF 42 U.S.C. § 1983**

48. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

49. Defendants deprived Mr. Houck of his civil rights while acting under color of state law, as proscribed by 42 U.S.C. § 1983, by violating the laws and Constitutional guarantees of the State of North Carolina and the United States, in depriving Mr. Houck of their liberty without due process and contrary to the law of the land, (in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution [ U.S. CONSTITUTION AMENDMENTS IV, V, and XIV] and Article I, § 16 of the North Carolina Constitution [N.C. CONSTITUTION ARTICLE I, Section 1, 16, and 19] by falsely arresting and

imprisoning Mr. Houck on two occasions without probable cause for felony obstructing justice, felony intimidating a witness, felony extortion, and misdemeanor false report to police on September 5, 2024, and felony intimidating a witness, felony extortion, felony identity theft, and felony common law forgery on January 28, 2025. Both dates the charges were taken out without exerting a proper and thorough investigation.

50. The aforesaid actions of the Defendants caused the Mr. Houck to be subject to the deprivation of their rights, privileges, and/or immunities secured by the Constitution and laws of the United States and the State of North Carolina, as set for herein above, and interfered with his common law rights on account of Mr. Houck's lawfully protected activity through an unlawful arrest without probable cause.

51. Mr. Houck's rights, privileges, and/or immunities would have not been deprived if a proper and thorough investigation had occurred, such investigation would have shown Mr. Houck was not guilty of the charges of felony obstructing justice, felony intimidating a witness, felony extortion, and misdemeanor false report to police that were taken out on September 5, 2024, or the felony intimidating a witness, felony extortion, felony identity theft, and felony common law forgery charges taken out on January 28, 2025, and that these charges were only taken out in an effort to retaliate against Mr. Houck for bringing light to Ms. Sharpe's criminal activity and to delay the civil lawsuit taken out by Mr. Donald Rand Houck against Ms. Sharpe.

52. The aforesaid conduct was "willful" under North Carolina Law and within the meaning of North Carolina law, and federal law, and constituted the policy or custom of the Catawba County Sheriff's office as evidenced by the supervisory and management staff, governing authorities, and/or policy makers intentionally and knowingly creating,

tolerating, condoning, ratifying, aiding, and abetting the aforesaid conduct of the municipal of the Defendant. The Sheriff's Department's conduct was "willful" when they failed to ensure that the charges place by Ms. Weaver on behalf of Ms. Sharpe were lawful, leading to their tolerating, condoning, and aiding and abetting of the false statements made by Ms. Weaver and Ms. Sharpe.

53. Defendants are liable to Mr. Houck for his injuries, damages, and the equitable relief sought herein pursuant to 42 U.S.C. § 1983, and under the laws of the State of North Carolina, including costs and attorney's fees under North Carolina law and 42 U.S.C. § 1988.

## COUNT TWO – MALICIOUS PROSECUTION

54. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

55. Defendants were the legal cause of Mr. Houck being criminally charged with felony obstructing justice, felony intimidating a witness, felony extortion, and misdemeanor false report to police on September 5, 2024, and felony intimidating a witness, felony extortion, felony identity theft, and felony common law forgery on January 28, 2025.

56. There was an absence of probable cause for the proceedings.

57. Defendants acted with malice to protect Ms. Sharpe, retaliate against Mr. Houck for filing legitimate criminal complaints against Ms. Sharpe, interfere with Mr. Donald Rand Houck's property rights, and damage Mr. Houck's reputation and business interests.

58. The vast majority of charges have been dismissed in Plaintiff's favor, and the sole remaining charge is without legal or factual basis.

59. As a direct and proximate cause of Defendant's conduct in initiating and continuing criminal charges without probable cause against Mr. Houck, Mr. Houck has sustained

harm, including, *inter alia,* injury to his reputation, harm to his ability to carry on his profession, embarrassment, humiliation, and emotional distress, in an amount to be determined at trial.

60. Defendant's actions were malicious, willful, wanton, and evidence of conscious disregard for Mr. Houck's rights. Mr. Houck is entitled to punitive damages.

## **COUNT THREE – ABUSE OF PROCESS**

61. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

62. Ms. Weaver filed the criminal charges against Mr. Houck on September 5, 2024, and January 28, 205. The warrant for arrest in which these criminal charges were made out on are public documents and is fully accessible to the public.

63. The warrant for arrest contained numerous false statements and insinuations concerning Mr. Houck and his actions:

   a. "…obstruct justice by UNLAWFULLY, WILLFULLY, AND FELONIOULSY DID OBSTRUCT JUSTICE BY FILING CHARGES, WARRANTS AND REPORTS PROVIDING FALSE STATEMENTS TO LAW ENFORCEMENT ABOUT A CRIME UNDER INVESTIGATION INVOLVING THE DEFENDANTSEX-WIFE IN ORDER TO MANIPULATE THE JUSTICE SYSTEM TO PRESSURE THE DEFENDANT'S EX-WIFE TO SETTLE THEIR DIVORCE AND LEAVE THEIR RESIDENCE,filing charges, warrants and reports involving ex wife in order to manipulate the justice system into pressuring ex wife to settle divorce and leave residence, This offense was done with deceit and intent to defraud."

   b. "…threats intimidate AUDRA SHARPE (HOUCK), who was acting as a witness in CATAWBA COUNTY DISTRIC COURT COMMUNICATING THREATS WHICH LED TO EMBEZZLEMENT (NOT FILED). The intimidation consisted of OPENING AN INVESTIGATION THROUGH LAW ENFORCEMENT TO APPLY PRESSURE ON THE WITNESS AUDRA SHARPE (HOUCK) AND MANIPULATE THE JUSTICE SYSTEM and was for the purpose of ONCE THE WIT,NESS AUDRA SHARPE (HOUCK) LEARNED THAT SHE WAS FACING FELONY CHARGES FOR THE CRIMES SHE ALLEGEDLY COMMITTED, THIS WOULD APPLY ENOUGH PRESSURE TO GET HER

TO AGREE TO SETTLE THE DIVORCE AND ALL MATTERS AT HAND, AND SHE WOULD AGREE TO VACATE THE HOUSE."

c. "…threaten and communicate a threat to AUDRA SHARPE (HOUCK) with the intent wrongfully to obtain A RESIDENCE LOCATED AT GOLF DRIVE NORTHEAST, CONVOER, NORTH CAROLINA 28613 AND TO SETTLE THEIR DIVORCE by ATTEMPTING TO TAKE OUT FELONY CHARGES WITH CATAWBA COUNTY SHERIFF'S DEPARTMENT FOR EMBEZZLEMENT. THE DEFENDANT STATED "WE WERE HOPING IF SHE LEARNED THAT SHE WAS FACING FELONY CHARGES FOR THE CRIMES SHE COMMITTED, THAT THIS WOULD APPLY ENOUGH PRESSURE TO GET HER TO AGREE TO SETTLE OUR DIVORCE AND ALL MA TIERS AT HAND, AND SHE WOULD AGREE TO VACATE THE HOUSE."

d. "…make to a law enforcement officer INVESTIGATOR WEA VER WITH CAT A WBA COUNTY SHERIFF'S OFFICE a false report, misleading report and Embezzlement report requiring hours of interviews and research on funds allocated to LLC properties to hinder and obstruct the law enforcement officer in the performance of her duty, investigation and prosecution of embezzlement/fraud allegations, for the purpose of interfering with the operation of the law enforcement agency"

e. "…intimidate AUDRA SHARPE (HOUCK) who was acting as a witness in CATAWBA COUNTY SUPERIOR COURT 24CRS402168 OBSTRUCTING JUSTICE, INTIMIDATING WITNESS AND EXTORTION. The intimidation consisted of CIVILLY SUING AUDRA SHARPE (HOUCK) UNDER THE IDENTITY OF DONALD RAND HOUCK FOR THE RESIDENCE LOCATED AT 3646 GOLF DRIVE NORTHEAST, CONOVER, NORTH CAROLINA 28613 and was for the purpose of ONCE AUDRA SHARPE (HOUCK) LEARNED CIVIL PAPERS WERE SERVED ON HER, SHE WOULD ALTER THE BOND CONDITONS IN WHICH THE DEFENDANT OUT ON BOND FOR (IF AUDRA WOULD DROP THE CHARGES WE COULD COMMUNICATE CIVILLY AND PARENT SENT THROUGH TEXT MESSAGE)…"

f. "…threaten and communicate a threat to AUDRA SHARPE (HOUCK) with the intent wrongfully to obtain RESIDENCE LOCATED AT 3646 GOLF DRIVE NORTHEAST, CONOVER, NORTH CAROLINA 28613 AND ATTEMPTING TO GET HIS BOND CONDITIONS ALTERED THROUGH MESSAGES WITH VICTIM'S MOTHER by SERVING AUDRA SHARPE (HOUCK) WITH A CIVIL LAWSUIT UNDER AF ALSE IDENTITY…"

g. "…use identifying information, STONING DONALD RAND HOUCK SIGNATURE TO A VERIFICATION DOCUMENT STATING DONALD RAND HOUCK IS THE PLAINTIFF IN THE FOREGOING ACTION CIVIL

LA WUSUIT AND WAS VERIFIED BY A NOTARY, of another person DONALD RAND HOUCK, with the intent to fraudulently represent that the defendant was the other person for the purpose of obtaining anything of value, benefit, or advantage FILING A CIVIL LAWSUIT IN CATAWBA COUNTY SUPERIOR COURT AGAN I ST AUDRA SHARPE (HOUCK) TO OBTAIN THE RESIDENCE LOCATED AT 3646 GOLF DRIVE NORTHEAST, CONOVER, NORTH CAROLINA 28613."

h. "…forge and falsely make A VERIFICATION DOCUMENT STATING DONALD RAND HOUCK IS THE PLANTIFF IN THE FOREGOING CIVIL LAWSUIT AGANIST AUDRA SHARPE (HOUCK), which was apparently capable of effecting a fraud, by SIGNING DONALD RAND HOUCK SIGNATURE TO THE VERIFICATION DOCUMENT IN FRONT OF A NOTARY WITHOUT DONALD RAND HOUCK BEING PRESENT. The defendant acted without authority and with the intent to injure and defraud with deceit."

64. These statements are of and concerning Mr. Houck as Defendants directly referred to Mr. Houck in these statements when the warrant for arrest was filed against Mr. Houck. Those who know Mr. Houck are capable of understanding that these false statements, allegations, and insinuations are concerning Mr. Houck.

65. Defendants have abused the process of this court in a wrongful manner, not proper in the regular conduct of the proceedings described herein, to accomplish a purpose for among other things upon information and belief in order to maintain Ms. Sharpe's possession of the LLC-owned property without payment, interfere with ongoing civil litigation filed by Mr. Donald Rand Houck, and to retaliate against Mr. Houck for reporting Ms. Sharpe's criminal conduct. These statements by Defendant's, which state and imply that Mr. Houck acted in criminal manners when he allegedly obstructed justice, intimidated a witness, attempted extortion, filed a false report to a police station, participated in identity theft, and common law forgery, are false:

a. Mr. Houck did not obstruct justice by filing charges, warrants, and/or reports regarding Ms. Sharpe's criminal actions to a law enforcement agency. Mr. Houck

did not inform the law enforcement officer, specifically Ms. Weaver, of Ms. Sharpe's actions in an attempt to manipulate the justice system to pressure Ms. Sharpe to settle court matters.

b. Mr. Houck did not open an investigation against Ms. Sharpe in the attempt to intimidate Ms. Sharpe and pressure her to settle court matters. Further, Mr. Houck did not file a lawsuit, specifically Catawba County Superior Court 24CRS402168, in an effort to intimate Ms. Sharpe. The lawsuit was legally filed by Mr. Donald Rand Houck. These false statements and accusations have not been sustained by any evidence.

c. Mr. Houck has not attempted to extort Ms. Sharpe in the attempt to have her settle court matters nor in an effort to have his bond conditions altered. These false statements and accusations have not been sustained by any evidence.

d. Mr. Houck did not file a false report with a police station. The information and evidence provided to Ms. Weaver regarding Ms. Sharpe's criminal activity is factual.

e. Mr. Houck did not forge Mr. Donald Rand Houck's signature in order to file a lawsuit against Ms. Sharpe. Mr. Donald Rand Houck's affidavit dated December 10, 2024, supports the fact that he filed the lawsuit against Ms. Sharpe.

66. At the time of filing the warrants for arrest, Defendants knew, or should have known, the statements were false.

67. Defendants used legal process for an ulterior purpose — to retaliate against Mr. Houck and to obstruct Mr. Donald Rand Houck's civil suit.

68. As a direct and proximate result of these false and defamatory statements by Defendants, Mr. Houck has suffered damages, including, *inter alia,* injury to his reputation, harm to his ability to carry on his profession, embarrassment, humiliation, and emotional distress, in an amount to be determined at trial.

69. Defendant's actions were malicious, willful, wanton, and evidence of conscious disregard for Mr. Houck's rights. Mr. Houck is entitled to punitive damages.

## COUNT FOUR – DEFAMATION

70. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

71. Defendants made false and defamatory statements on September 5, 2024, and January 28, 205, asserting that Mr. Houck maliciously, willfully, and illegally acted in criminal manners by obstructing justice, intimidating a witness, attempting extortion, filing a false report to police, participating in identity theft, and common law forgery.

    a. "…obstruct justice by UNLAWFULLY, WILLFULLY, AND FELONIOULSY DID OBSTRUCT JUSTICE BY FILING CHARGES, WARRANTS AND REPORTS PROVIDING FALSE STATEMENTS TO LAW ENFORCEMENT ABOUT A CRIME UNDER INVESTIGATION INVOLVING THE DEFENDANTSEX-WIFE IN ORDER TO MANIPULATE THE JUSTICE SYSTEM TO PRESSURE THE DEFENDANT'S EX-WIFE TO SETTLE THEIR DIVORCE AND LEAVE THEIR RESIDENCE,filing charges, warrants and reports involving ex wife in order to manipulate the justice system into pressuring ex wife to settle divorce and leave residence, This offense was done with deceit and intent to defraud."

    b. "…threats intimidate AUDRA SHARPE (HOUCK), who was acting as a witness in CATAWBA COUNTY DISTRIC COURT COMMUNICATING THREATS WHICH LED TO EMBEZZLEMENT (NOT FILED). The intimidation consisted of OPENING AN INVESTIGATION THROUGH LAW ENFORCEMENT TO APPLY PRESSURE ON THE WITNESS AUDRA SHARPE (HOUCK) AND MANIPULATE THE JUSTICE SYSTEM and was for the purpose of ONCE THE WIT,NESS AUDRA SHARPE (HOUCK) LEARNED THAT SHE WAS FACING FELONY CHARGES FOR THE CRIMES SHE ALLEGEDLY COMMITTED, THIS WOULD APPLY ENOUGH PRESSURE TO GET HER

TO AGREE TO SETTLE THE DIVORCE AND ALL MATTERS AT HAND, AND SHE WOULD AGREE TO VACATE THE HOUSE."

c.  "…threaten and communicate a threat to AUDRA SHARPE (HOUCK) with the intent wrongfully to obtain A RESIDENCE LOCATED AT GOLF DRIVE NORTHEAST, CONVOER, NORTH CAROLINA 28613 AND TO SETTLE THEIR DIVORCE by ATTEMPTING TO TAKE OUT FELONY CHARGES WITH CATAWBA COUNTY SHERIFF'S DEPARTMENT FOR EMBEZZLEMENT. THE DEFENDANT STATED "WE WERE HOPING IF SHE LEARNED THAT SHE WAS FACING FELONY CHARGES FOR THE CRIMES SHE COMMITTED, THAT THIS WOULD APPLY ENOUGH PRESSURE TO GET HER TO AGREE TO SETTLE OUR DIVORCE AND ALL MA TIERS AT HAND, AND SHE WOULD AGREE TO VACATE THE HOUSE."

d.  "…make to a law enforcement officer INVESTIGATOR WEA VER WITH CAT A WBA COUNTY SHERIFF'S OFFICE a false report, misleading report and Embezzlement report requiring hours of interviews and research on funds allocated to LLC properties to hinder and obstruct the law enforcement officer in the performance of her duty, investigation and prosecution of embezzlement/fraud allegations, for the purpose of interfering with the operation of the law enforcement agency"

e.  "…intimidate AUDRA SHARPE (HOUCK) who was acting as a witness in CATAWBA COUNTY SUPERIOR COURT 24CRS402168 OBSTRUCTING JUSTICE, INTIMIDATING WITNESS AND EXTORTION. The intimidation consisted of CIVILLY SUING AUDRA SHARPE (HOUCK) UNDER THE IDENTITY OF DONALD RAND HOUCK FOR THE RESIDENCE LOCATED AT 3646 GOLF DRIVE NORTHEAST, CONOVER, NORTH CAROLINA 28613 and was for the purpose of ONCE AUDRA SHARPE (HOUCK) LEARNED CIVIL PAPERS WERE SERVED ON HER, SHE WOULD ALTER THE BOND CONDITONS IN WHICH THE DEFENDANT OUT ON BOND FOR (IF AUDRA WOULD DROP THE CHARGES WE COULD COMMUNICATE CIVILLY AND PARENT SENT THROUGH TEXT MESSAGE)…"

f.  "…threaten and communicate a threat to AUDRA SHARPE (HOUCK) with the intent wrongfully to obtain RESIDENCE LOCATED AT 3646 GOLF DRIVE NORTHEAST, CONOVER, NORTH CAROLINA 28613 AND ATTEMPTING TO GET HIS BOND CONDITIONS ALTERED THROUGH MESSAGES WITH VICTIM'S MOTHER by SERVING AUDRA SHARPE (HOUCK) WITH A CIVIL LAWSUIT UNDER AF ALSE IDENTITY…"

g.  "…use identifying information, STONING DONALD RAND HOUCK SIGNATURE TO A VERIFICATION DOCUMENT STATING DONALD RAND HOUCK IS THE PLAINTIFF IN THE FOREGOING ACTION CIVIL

LA WUSUIT AND WAS VERIFIED BY A NOTARY, of another person, DONALD RAND HOUCK, with the intent to fraudulently represent that the defendant was the other person for the purpose of obtaining anything of value, benefit, or advantage FILING A CIVIL LAWSUIT IN CATAWBA COUNTY SUPERIOR COURT AGAN I ST AUDRA SHARPE (HOUCK) TO OBTAIN THE RESIDENCE LOCATED AT 3646 GOLF DRIVE NORTHEAST, CONOVER, NORTH CAROLINA 28613."

h. "…forge and falsely make A VERIFICATION DOCUMENT STATING DONALD RAND HOUCK IS THE PLANTIFF IN THE FOREGOING CIVIL LAWSUIT AGANIST AUDRA SHARPE (HOUCK), which was apparently capable of effecting a fraud, by SIGNING DONALD RAND HOUCK SIGNATURE TO THE VERIFICATION DOCUMENT IN FRONT OF A NOTARY WITHOUT DONALD RAND HOUCK BEING PRESENT. The defendant acted without authority and with the intent to injure and defraud with deceit."

72. These statements are of and concerning Mr. Houck as Defendants directly referred to Mr. Houck in these statements when the warrant for arrest was filed against Mr. Houck. Those who know Mr. Houck are capable of understanding that these false statements, allegations, and insinuations are concerning Mr. Houck.

73. These statements by Defendants, which state that Mr. Houck intentionally and maliciously acted in criminal manners when he allegedly obstructed justice, intimidated a witness, attempted extortion, filed a false report to a police station, participated in identity theft, and common law forgery, are false:

a. Mr. Houck did not obstruct justice by filing charges, warrants, and/or reports regarding Ms. Sharpe's criminal actions to a law enforcement agency. Mr. Houck did not inform the law enforcement officer, specifically Ms. Weaver, of Ms. Sharpe's actions in an attempt to manipulate the justice system to pressure Ms. Sharpe to settle court matters.

b. Mr. Houck did not open an investigation against Ms. Sharpe in the attempt to intimidate Ms. Sharpe and pressure her to settle court matters. Further, Mr. Houck

did not file a lawsuit, specifically Catawba County Superior Court 24CRS402168, in an effort to intimate Ms. Sharpe. The lawsuit was legally filed by Mr. Donal Rand Houck. These false statements and accusations have not been sustained by any evidence.

c. Mr. Houck has not attempted to extort Ms. Sharpe in the attempt to have her settle court matters nor in an effort to have his bond conditions altered. These false statements and accusations have not been sustained by any evidence.

d. Mr. Houck did not file a false report with a police station. The information and evidence provided to Ms. Weaver regarding Ms. Sharpe's criminal activity is factual.

e. Mr. Houck did not forge Mr. Donald Rand Houck's signature in order to file a lawsuit against Ms. Sharpe. Mr. Donald Rand Houck's affidavit dated December 10, 2024, supports the fact that he filed the lawsuit against Ms. Sharpe.

74. The substantial danger of injury to Mr. Houck's reputation from Defendant's false statements is readily apparent. Such statements would tend to harm the reputation of another as to lower the individual's reputation within a community and/or to deter third persons from associating or dealing with the individual.

75. By making such statements to third parties, Defendants have harmed Mr. Houck's reputation.

76. At the time of making these statements Defendant's knew, or should have known, the statements were false.

77. Defendant's false statements are defamatory *per se* as they insinuate that Mr. Houck acted in a malicious and criminal manner by obstructing justice, intimidating a witness,

attempting extortion, filing a false report to a police station, participating in identity theft, and common law forgery. Additionally, Defendant's false and defamatory statements have prejudiced Mr. Houck's reputation as a professional, entitling Mr. Houck to presumed damages.

78. As a direct and proximate result of these false and defamatory statements by Defendants, Mr. Houck has suffered damages, including, *inter alia,* injury to his reputation, harm to his ability to carry on his profession, embarrassment, humiliation, and emotional distress, in an amount to be determined at trial.

79. Defendant's actions were malicious, willful, wanton, and evidence of conscious disregard for Mr. Houck's rights. Mr. Houck is entitled to punitive damages.

## COUNT FIVE –NEGLIGENT SUPERVISION AND RETENTION

80. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

81. The Sheriff's Department had a duty to supervise and discipline its employees to prevent foreseeable harm to members of the public.

82. The Sherrif's Department knew or should have known that Ms. Weaver was engaging in biased investigations, fabricating charges, and failing to prosecute documented criminal conduct by Sharpe.

83. By retaining and failing to supervise Ms. Weaver, the Sherrif's Department proximately caused Plaintiff's damages.

84. Additionally, Defendants failed to exercise reasonable care in the investigation and prosecution of Mr. Houck.

85. As a direct and proximate result of Defendant's actions, Mr. Houck has suffered damages, including, *inter alia,* injury to his reputation, harm to his ability to carry on his

profession, embarrassment, humiliation, and emotional distress, in an amount to be determined at trial.

86. Defendant's actions were malicious, willful, wanton, and evidence of conscious disregard for Mr. Houck's rights. Mr. Houck is entitled to punitive damages.

## COUNT SIX – CIVIL CONSPIRACY

87. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

88. Ms. Weaver and Ms. Sharpe maliciously and intentionally committed the unlawful act of filing false charges against Mr. Houck and then proceeded to have Mr. Houck prosecuted for said charges. These actions have resulted in damage to Mr. Houck.

89. Defendants conspired and agreed to protect Ms. Sharpe from prosecution by fabricating criminal charges against Mr. Houck and interfere with Mr. Donald Rand Houck's civil lawsuit and property rights.

90. Defendants committed overt acts in furtherance of this conspiracy, including filing false police reports, misidentifying witnesses, and withholding exculpatory evidence.

91. As a direct and proximate result of Defendant's actions, Mr. Houck has suffered damages, including, *inter alia,* injury to his reputation, harm to his ability to carry on his profession, embarrassment, humiliation, and emotional distress, in an amount to be determined at trial.

92. Defendant's actions were malicious, willful, wanton, and evidence of conscious disregard for Mr. Houck's rights. Mr. Houck is entitled to punitive damages.

## COUNT SEVEN – PUNITIVE DAMAGES

93. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

94. Defendants committed the above torts and made the communications alleged above with malice or reckless disregard for its falsity in order to harm Mr. Houck.

95. Defendants acted willfully and/or wantonly in making the statements described above.

96. Pursuant to N.C. Gen. Stat. § 1D-1, Mr. Houck is entitled to punitive damages for Defendant's conduct.

## **DEMAND FOR JURY TRIAL**

Plaintiff Thomas Newton Houck hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter an award in Plaintiff's favor and against Defendant, as follows:

1. Award Plaintiffs actual and compensatory damages in an amount in excess of $75,000.00 for Violation of 42 U.S.C. § 1983;

2. Award Mr. Houck actual and compensatory damages in an amount in excess of $75,000.00 for Defamation;

3. Award Mr. Houck actual and compensatory damages in an amount in excess of $75,000.00 for Malicious Prosecution;

4. Award Mr. Houck actual and compensatory damages in an amount in excess of $75,000.00 for Abuse of Process;

5. Award Mr. Houck actual and compensatory damages in an amount in excess of $75,000.00 for Defamation;

6. Award Mr. Houck actual and compensatory damages in an amount in excess of $75,000.00 for Negligent Supervision and Retention;

7. Award Mr. Houck actual and compensatory damages in an amount in excess of $75,000.00 for Civil Conspiracy;

8. Award Mr. Houck punitive damages in excess of $75,000.00;

9. Award Mr. Houck all of his expenses and costs, including attorneys' fees; and

10. Grant such other and further relief as the Court deems appropriate.

This the 29th day of August 2025.

**RANCHOR HARRIS LAW, PLLC**
**/s/ S. Ranchor Harris, III _____**
S. Ranchor Harris, III
N.C. Bar No. 21022
Ranchor Harris Law, PLLC
1784 Heritage Center Drive
Suite 204-E
Wake Forest, NC 27587
919-249-5006 (Direct Line)
919-589-4845 (Facsimile)
ranchorharris.com
ranchor@ranchorharris.com

**Verification**

**Thomas Newton Houck**, first being duly sworn, disposes and says that I am the plaintiff named in this action; I have read the foregoing document and know the contents thereof; and the same is true of my own knowledge except as to those matters and things therein stated upon information and belief, as to those I believe them to be true.

_(signature)_

Plaintiff

**State of** north carolina

**County of** catawba

Sworn to (or affirmed) and subscribed to before me this day, I certify that <u>Thomas Newton Houck</u> appeared before me and acknowledged that he voluntarily signed the foregoing document for the purpose stated therein, and in capacity indicated, and:

☐ I have personal knowledge of the identity of the principal;

☑ I have seen satisfactory evidence of the principal's identity, by a current state or federal identification with the principal's photograph in the form of a drivers license ;

☐ A credible witness _____ has sworn to the identity of the principal;

This ⟨29th⟩ day of August 2025.



Harper Greenwood
Notary Public (Printed Name)

_(signature)_
Notary Public (Signature)

My commission expires: 03/06/2029